IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MOMOLU V.S. SIRLEAF, JR.,**

    Petitioner,

v.

    Civil Action No. **3:17CV606**

**EDDIE PEARSON, WARDEN,**

    Respondent.

## REPORT AND RECOMMENDATION

Momolu V.S. Sirleaf, Jr., a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 13) challenging his conviction in the Circuit Court for the City of Alexandria, Virginia ("Circuit Court"). Respondent moves to dismiss, arguing that Sirleaf's § 2254 Petition is barred by the statute of limitations. Despite the provision of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notice, Sirleaf failed to respond.[1] The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED.

---

[1] The Court received a letter from Sirleaf on June 22, 2018 regarding the receipt of motions he allegedly filed in this Court in three different cases. (ECF No. 30.) Out of an abundance of caution, the Court mailed Sirleaf a copy of the docket sheet for this case on August 9, 2018. Although Sirleaf has continued to correspond with the Court in his various other civil actions pending in this Court, Sirleaf has not filed a response in this action.

A.    **Procedural History**

1.    **Criminal Proceedings**

On December 3, 2003, pursuant to a guilty plea, Sirleaf was convicted of second-degree murder and was sentenced by the Circuit Court to twenty years of incarceration. *Commonwealth v. Sirleaf*, No. CF030455, at 1–2 (Va. Cir. Ct. Dec. 5, 2003). The Circuit Court entered final judgment on December 5, 2003. *Id.* Sirleaf did not file an appeal.

2.    **State Habeas Proceedings**

On December 2, 2004, Sirleaf filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus 1, *Sirleaf v. Commonwealth*, No. CL04001762 (Va. Cir. Ct. Dec. 2, 2004). On April 4, 2005, the Circuit Court denied the petition for writ of habeas corpus. *Sirleaf v. Commonwealth*, No. CL04001762, at 11 (Va. Cir. Ct. Apr. 4, 2005). Sirleaf sought no further review in the state courts of his conviction and sentence.

3.    **§ 2254 Petition**

On August 18, 2017, Sirleaf filed a standardized form for filing a petition under 28 U.S.C. § 2241. (ECF No. 1, at 37.)[2] By Memorandum Order entered on October 6, 2017, the Court directed Sirleaf to identify which judgment he challenged and to complete and return either the standardized form for filing a 28 U.S.C. § 2241 petition or the standardized form for filing a 28 U.S.C. § 2254 petition. Sirleaf filed the standardized form for filing a § 2241 petition, but the § 2241 petition failed to correct any of the deficiencies identified by the Court in its

---

[2] The Court employs the pagination assigned to Sirleaf's submissions by the CM/ECF docketing system. For ease of reference, the Court refers to the § 2241 petition he initially filed as his "habeas petition" for the purposes of this footnote. Sirleaf left blank the section that indicates the date that he placed his habeas petition in the prison mail system, likely because he did not use the prison mail system. (ECF No. 1, at 37.) The envelope indicates that someone other than Sirleaf mailed Sirleaf's initial habeas petition to the Court for him. (ECF No. 1–1, at 1.) Because it is ultimately of no import due to the untimeliness of the habeas petition, the Court assumes that Sirleaf mailed his habeas petition on August 18, 2017, the date he signed the initial petition. The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

287e06175c57

October 6, 2017 Memorandum Order.  Despite filing a § 2241 petition, it appeared that Sirleaf

intended to challenge his state conviction.  By Memorandum Order entered on December 4,

2017, the Court directed Sirleaf to show good cause as to why this action should proceed as a

writ of habeas corpus pursuant to 28 U.S.C. § 2241, and not as a writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  Instead of filing a response to the show cause order, Sirleaf filed what

appeared to be a completed standardized form for filing a § 2254 petition based on the Court's

cursory initial review.  (ECF No. 13.)  Accordingly, by Memorandum Order entered on January

26, 2018, the Court explained that "the action proceeds solely on this § 2254 petition (ECF

No. 13), and it SUPPLANTS all previously filed petitions." (ECF No. 15, at 1.)

Upon further review of the § 2254 Petition, it appears that Sirleaf filled out the first few

pages of the standardized form for filing a § 2254 petition and then simply inserted old pages

from one of the versions of the § 2241 petition he filed previously.  (*See* ECF No. 13, at 4–14.)

Sirleaf's ongoing non-compliance with the Court's directives standing alone warrants dismissal

of this action.  Nevertheless, because the § 2254 Petition is clearly untimely, the Court continues

with its review of the § 2254 Petition.  In his § 2254 Petition, Sirleaf asserts the following claim

for relief:[3]

Claim One:   "Violation of Vienna Convention Consular Relations . . . 5th, 6th, [and] 14th Amendment violations." (§ 2254 Pet. 5.)

Claim Two:   "Ineffective Assistance of Counsel . . . ." (*Id.* at 7.)

Claim Three:   "Petitioner held in violation of U.S. Treaty . . . ." (*Id.* at 8.)

Claim Four:   "Petitioner held in violation of U.S. Treaty . . . ." (*Id.* at 10.)[4]

---

[3] The Court corrects the capitalization, punctuation, spelling, and spacing in the quotations from Sirleaf's submissions.

[4] Respondent generously construed Sirleaf to raise two more claims than he identified on the standardized form.  (Br. Supp. Mot. Dismiss 4–5, ECF No. 28.)  Sirleaf identified four grounds for relief on his form and the Court sets forth only those.  Sirleaf has been told repeatedly that the

Respondent moves to dismiss (ECF No. 26) on the ground that Sirleaf's § 2254 Petition is barred

by the one-year statute of limitations and should be dismissed.

**B.      Statute of Limitations**

Respondent contends that the federal statute of limitations bars Sirleaf's claims.  Section

101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C.

§ 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas

corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28 U.S.C.

§ 2244(d) now reads:

> 1.    A 1-year period of limitation shall apply to an application for a writ of
>       habeas corpus by a person in custody pursuant to the judgment of a State
>       court.  The limitation period shall run from the latest of—
>       (A)   the date on which the judgment became final by the
>             conclusion of direct review or the expiration of the time for
>             seeking such review;
>       (B)   the date on which the impediment to filing an application
>             created by State action in violation of the Constitution or
>             laws of the United States is removed, if the applicant was
>             prevented from filing by such State action;
>       (C)   the date on which the constitutional right asserted was
>             initially recognized by the Supreme Court, if the right has
>             been newly recognized by the Supreme Court and made
>             retroactively applicable to cases on collateral review; or
>       (D)   the date on which the factual predicate of the claim or
>             claims presented could have been discovered through the
>             exercise of due diligence.
> 2.    The time during which a properly filed application for State post-
>       conviction or other collateral review with respect to the pertinent judgment
>       or claim is pending shall not be counted toward any period of limitation
>       under this subsection.

28 U.S.C. § 2244(d).

---

Court's consideration of Petitioner's grounds for habeas relief shall be limited to the grounds and
supporting facts concisely set forth on this standardized form and on any attached pages.  The
Court need not parse Sirleaf's attachments to extract any additional unidentified claims because
any claim Sirleaf raises is barred by the statute of limitations.

### 1.    Commencement and Running of the Statute of Limitations

Sirleaf filed no appeal, and his judgment became final on Monday, January 5, 2004, when the time for noting an appeal with the Court of Appeals of Virginia expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days after judgment of the Circuit Court). Thus, Sirleaf had one year, or until Wednesday, January 5, 2005, to file a petition pursuant to 28 U.S.C. § 2254. Sirleaf failed to file his § 2254 Petition until August 18, 2017, more than twelve and a half years late.

### 2.    Statutory Tolling

A person in state custody may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or collateral relief remains pending in state court. 28 U.S.C. § 2244(d)(2). Here, Sirleaf filed his state habeas petition in the Circuit Court on December 2, 2004. As of that date, 332 days of the federal limitations period had already run. The Circuit Court dismissed his state habeas petition on April 4, 2005. Sirleaf had thirty-three days remaining of the federal limitations period in which to file his § 2254 Petition. Because Sirleaf failed to file his § 2254 Petition until August 18, 2017, his § 2254 Petition is barred by the statute of limitations unless Sirleaf demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)–(D) or some equitable exception to the limitation period.

5

### 3.    Sirleaf's Argument for Timeliness

In his § 2254 Petition, Sirleaf indicates, in sum: "Because I discovered the 'factual predicate' of my claim on 5/21/16 which is the date [AEDPA] 28 U.S.C. § 2244(d) provides in, part from which the one-year statute of limitations start from and under 28 U.S.C. § 2244(d)(B). The state impediment has never been removed." (§ 2254 Pet. 13.) Sirleaf fails to explain what the factual predicate of his claim would be, why he could only discover this on May 21, 2016, and he also fails to identify the state impediment that prevented him from filing his federal habeas petition. Clearly, this terse argument standing alone fails to demonstrate entitlement to a belated commencement or that an equitable exception applies.    Nevertheless, Respondent generously scours Sirleaf's § 2254 Petition and rambling and nearly incoherent attachment to construct some form of timeliness argument for Sirleaf under § 2244(d)(1)(B) and (D).    The Court now turns to these arguments constructed for Sirleaf.

#### a.    State-Created Impediment

A claim for belated commencement due to State action "must satisfy a far higher bar than that for equitable tolling." *Saunders v. Clarke*, No. 3:11CV170, 2012 WL 689270, at \*7 (E.D. Va. Mar. 2, 2012) (quoting *Leyva v. Yates*, No. CV 07–8116–PA, 2010 WL 2384933, at \*3 (C.D. Cal. May 7, 2010)).    To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at \*2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331–32 (11th Cir. 2008)).    "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007).    A court "should grant relief only

where a petitioner is 'altogether prevented . . . from presenting his claims in *any* form, to *any* court.'" *Saunders*, 2012 WL 689270, at *7 (quoting *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009)).   Thus, a prisoner "must explain with specificity how any alleged deficiencies actually hindered their efforts to pursue their claims within the statute of limitations." *Id.* (citing *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010)).

First, Respondent construes Sirleaf to argue that the state somehow impeded his ability to file an appeal of his state habeas petition to the Supreme Court of Virginia because it ignored his claims pertaining to international treaties. (*See* Br. Supp. Mot. Dismiss ¶ 11 (citing § 2254 Pet. 5–6, 8–10, 12).)  Sirleaf wholly fails to demonstrate a state-created impediment that would delay the running of the federal statute of limitations.  Sirleaf identifies no state action that violated the laws of the United States and prevented him from filing his *federal* habeas petition.  Moreover, the Circuit Court rejected his state habeas petition in April of 2005, and Sirleaf fails to explain, and the Court fails to discern, how a state-created impediment prevented him from filing his § 2254 Petition until August 18, 2017.  This argument is unpersuasive.

### b.     Belated Commencement

Respondent next construes Sirleaf to argue that:  (1) he only learned that the United States had bilateral treaties with Liberia, of which he is a citizen, on May 21, 2016; (2) he only learned about the unavailability of parole on July 14, 2016; and, (3) he only learned that his trial counsel had engaged in misconduct by allowing Sirleaf to use his cell phone presumably in 2004, on July 7, 2016. (*See* Br. Supp. Mot. Dismiss ¶ 13 (citing ECF No. 13–1, at 7–8, 17).)

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28

U.S.C. § 2244(d)(1)(D) (permitting belated commencement to the date when petitioner, acting with reasonable diligence, could have discovered that he retained a right to appeal). Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (emphasis added) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Sirleaf fails to demonstrate that he acted with due diligence in several regards.

First, a habeas applicant who, like Sirleaf, "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). *See id.* at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition). Although Sirleaf vaguely suggests that he only learned of these three facts in May and July of 2016, he fails to offer any facts tending to show he acted with diligence with respect to these claims. *See id.* Sirleaf could have learned about treaties with Liberia, the unavailability of parole, and that jails and prisons restrict or prohibit cell phone use prior to his guilty plea in 2004. Sirleaf's prolonged "inaction is incompatible with a finding of due diligence." *Wood v. Spencer*, 487 F.3d 1, 5–6 (1st Cir. 2007) (citations omitted). For this reason alone, Sirleaf fails to demonstrate that he acted with diligence in pursuing his claim.

Even allowing the generous assumption that Sirleaf could have only learned the factual predicate of his claims in May and June of 2016, his claims remain untimely. Sirleaf waited more than one year after his alleged discovery of these facts to file his § 2254 Petition. Sirleaf's § 2254 Petition, filed on August 18, 2017, is barred by the statute of limitations.

## C.    Conclusion

For the foregoing reasons, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 26) be GRANTED, Sirleaf's claims be DISMISSED, his § 2254 Petition be DENIED, and a certificate of appealability be DENIED.

Sirleaf is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Sirleaf and counsel of record.

It is so ORDERED.

/s/

Roderick C. Young
United States Magistrate Judge

Date:   September **26**, 2018
Richmond, Virginia