

MOMOLU V.S. SIRLEAF, JR.,

    Petitioner,

v.                                                                               Civil Action No. **3:17CV606**

EDDIE PEARSON, WARDEN,

    Respondent.

## MEMORANDUM OPINION

Momolu V.S. Sirleaf, Jr., a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 13) challenging his conviction in the Circuit Court for the City of Alexandria, Virginia ("Circuit Court"). On September 26, 2018, the Magistrate Judge issued a Report and Recommendation wherein he recommended denying the § 2254 Petition as untimely. (ECF No. 31.) The Court advised Sirleaf that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. After receiving two extensions of time, on November 28, 2018, the Court received a ninety-four-page, rambling, document labeled, "§ 1:14 Allegation --- Claim arising under treaty [28 USCA 1331; Fed R Civ P 8(a)(1)]." (ECF No. 37 (alteration in original).) The Court construes this submission as Sirleaf's Objections to the Report and Recommendation. For the reasons that follow, Sirleaf's Objections will be OVERRULED, and his § 2254 Petition will be DENIED.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**A.    Procedural History**

    **1.    Criminal Proceedings**
On December 3, 2003, pursuant to a guilty plea, Sirleaf was convicted of second-degree murder and was sentenced by the Circuit Court to twenty years of

incarceration. *Commonwealth v. Sirleaf*, No. CF030455, at 1–2 (Va. Cir. Ct. Dec. 5, 2003). The Circuit Court entered final judgment on December 5, 2003. *Id.* Sirleaf did not file an appeal.

### 2. State Habeas Proceedings

On December 2, 2004, Sirleaf filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Writ of Habeas Corpus 1, *Sirleaf v. Commonwealth*, No. CL04001762 (Va. Cir. Ct. Dec. 2, 2004). On April 4, 2005, the Circuit Court denied the petition for writ of habeas corpus. *Sirleaf v. Commonwealth*, No. CL04001762, at 11 (Va. Cir. Ct. Apr. 4, 2005). Sirleaf sought no further review in the state courts of his conviction and sentence.

### 3. § 2254 Petition

On August 18, 2017, Sirleaf filed a standardized form for filing a petition under 28 U.S.C. § 2241. (ECF No. 1, at 37.)[1] By Memorandum Order entered on October 6, 2017, the Court directed Sirleaf to identify which judgment he challenged and to complete and return either the standardized form for filing a 28 U.S.C. § 2241 petition or the standardized form for filing a 28 U.S.C. § 2254 petition. Sirleaf filed the standardized form for filing a § 2241 petition, but the § 2241 petition failed to correct any of the deficiencies identified by the Court in its October 6, 2017 Memorandum Order. Despite filing a § 2241 petition, it appeared that Sirleaf intended to challenge his state conviction. By Memorandum Order entered on December 4, 2017, the Court directed Sirleaf to show good cause as to why this action should proceed as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and not as a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Instead of filing a response to the show cause order, Sirleaf filed what appeared to be a completed standardized form for filing a § 2254 petition based on the Court's cursory initial review. (ECF No. 13.) Accordingly, by Memorandum Order entered on January 26, 2018, the Court explained that "the action proceeds solely on this § 2254 petition (ECF No. 13), and it SUPPLANTS all previously filed petitions." (ECF No. 15, at 1.)

Upon further review of the § 2254 Petition, it appears that Sirleaf filled out the first few pages of the standardized form for filing a § 2254 petition and then simply inserted old pages from one of the versions of the § 2241 petition he filed previously. (*See* ECF No. 13, at 4–14.) Sirleaf's ongoing non-compliance with the

---

[1] The Court employs the pagination assigned to Sirleaf's submissions by the CM/ECF docketing system. For ease of reference, the Court refers to the § 2241 petition he initially filed as his "habeas petition" for the purposes of this footnote. Sirleaf left blank the section that indicates the date that he placed his habeas petition in the prison mail system, likely because he did not use the prison mail system. (ECF No. 1, at 37.) The envelope indicates that someone other than Sirleaf mailed Sirleaf's initial habeas petition to the Court for him. (ECF No. 1–1, at 1.) Because it is ultimately of no import due to the untimeliness of the habeas petition, the Court assumes that Sirleaf mailed his habeas petition on August 18, 2017, the date he signed the initial petition. The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

Court's directives standing alone warrants dismissal of this action. Nevertheless, because the § 2254 Petition is clearly untimely, the Court continues with its review of the § 2254 Petition. In his § 2254 Petition, Sirleaf asserts the following claim for relief:[2]

>    Claim One: "Violation of Vienna Consular Relations . . . 5th, 6th, [and] 14th Amendment violations." (§ 2254 Pet. 5.)
>
>    Claim Two: "Ineffective Assistance of Counsel . . . ." (*Id.* at 7.)
>
>    Claim Three: "Petitioner held in violation of U.S. Treaty . . . ." (*Id.* at 8.)
>
>    Claim Four: "Petitioner held in violation of U.S. Treaty . . . ." (*Id.* at 10.)[3]

Respondent moves to dismiss (ECF No. 26) on the ground that Sirleaf's § 2254 Petition is barred by the one-year statute of limitations and should be dismissed.

## B. Statute of Limitations

Respondent contends that the federal statute of limitations bars Sirleaf's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

>    1.  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>        (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>        (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The Court corrects the capitalization, punctuation, spelling, and spacing in the quotations from Sirleaf's submissions.

[3] Respondent generously construed Sirleaf to raise two more claims than he identified on the standardized form. (Br. Supp. Mot. Dismiss 4–5, ECF No. 28.) Sirleaf identified four grounds for relief on his form, and the Court sets forth only those. Sirleaf has been told repeatedly that the Court's consideration of Petitioner's grounds for habeas relief shall be limited to the grounds and supporting facts concisely set forth on this standardized form and on any attached pages. The Court need not parse Sirleaf's attachments to extract any additional unidentified claims because any claim Sirleaf raises is barred by the statute of limitations.

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1. Commencement and Running of the Statute of Limitations

Sirleaf filed no appeal, and his judgment became final on Monday, January 5, 2004, when the time for noting an appeal with the Court of Appeals of Virginia expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); *see* Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days after judgment of the Circuit Court). Thus, Sirleaf had one year, or until Wednesday, January 5, 2005, to file a petition pursuant to 28 U.S.C. § 2254. Sirleaf failed to file his § 2254 Petition until August 18, 2017, more than twelve and a half years late.

### 2. Statutory Tolling

A person in state custody may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or collateral relief remains pending in state court. 28 U.S.C. § 2244(d)(2). Here, Sirleaf filed his state habeas petition in the Circuit Court on December 2, 2004. As of that date, 332 days of the federal limitations period had already run. The Circuit Court dismissed his state habeas petition on April 4, 2005. Sirleaf had thirty-three days remaining of the federal limitations period in which to file his § 2254 Petition. Because Sirleaf failed to file his § 2254 Petition until August 18, 2017, his § 2254 Petition is barred by the statute of limitations unless Sirleaf demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C § 2244(d)(1)(B)–(D) or some equitable exception to the limitation period.

### 3. Sirleaf's Argument for Timeliness

In his § 2254 Petition, Sirleaf indicates, in sum: "Because I discovered the 'factual predicate' of my claim on 5/21/16 which is the date [AEDPA] 28 U.S.C. § 2244(d) provides in, part from which the one-year statute of limitations start from and under 28 U.S.C. § 2244(d)(B). The state impediment has never been removed." (§ 2254 Pet. 13.) Sirleaf fails to explain what the factual predicate of his claim would be, why he could only discover this on May 21, 2016, and he also fails to identify the state impediment that prevented him from filing his federal habeas

4

petition. Clearly, this terse argument standing alone fails to demonstrate entitlement to a belated commencement or that an equitable exception applies. Nevertheless, Respondent generously scours Sirleaf's § 2254 Petition and rambling and nearly incoherent attachment to construct some form of timeliness argument for Sirleaf under § 2244(d)(1)(B) and (D). The Court now turns to these arguments constructed for Sirleaf.

### a. State-Created Impediment

A claim for belated commencement due to State action "must satisfy a far higher bar than that for equitable tolling." *Saunders v. Clarke*, No. 3:11CV170, 2012 WL 689270, at *7 (E.D. Va. Mar. 2, 2012) (quoting *Leyva v. Yates*, No. CV 07–8116–PA, 2010 WL 2384933, at *3 (C.D. Cal. May 7, 2010)). To delay the running of the statute of limitations, § 2244(d)(1)(B) requires: (1) state action that both (2) violated the Constitution or laws of the United States and (3) prevented the prisoner from filing a habeas petition. *Ocon-Parada v. Young*, No. 3:09cv87, 2010 WL 2928590, at *2 (E.D. Va. July 23, 2010) (citing *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331–32 (11th Cir. 2008)). "[A] state-created impediment must, to animate the limitations-extending exception [of § 2244(d)(1)(B)], 'prevent' a prisoner from filing for federal habeas relief." *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007). A court "should grant relief only where a petitioner is 'altogether prevented . . . from presenting his claims in *any* form, to *any* court.'" *Saunders*, 2012 WL 689270, at *7 (quoting *Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009)). Thus, a prisoner "must explain with specificity how any alleged deficiencies actually hindered their efforts to pursue their claims within the statute of limitations." *Id.* (citing *Mayes v. Province*, 376 F. App'x 815, 816–17 (10th Cir. 2010)).

First, Respondent construes Sirleaf to argue that the state somehow impeded his ability to file an appeal of his state habeas petition to the Supreme Court of Virginia because it ignored his claims pertaining to international treaties. (*See* Br. Supp. Mot. Dismiss ¶ 11 (citing § 2254 Pet. 5–6, 8–10, 12).) Sirleaf wholly fails to demonstrate a state-created impediment that would delay the running of the federal statute of limitations. Sirleaf identifies no state action that violated the laws of the United States and prevented him from filing his *federal* habeas petition. Moreover, the Circuit Court rejected his state habeas petition in April of 2005, and Sirleaf fails to explain, and the Court fails to discern, how a state-created impediment prevented him from filing his § 2254 Petition until August 18, 2017. This argument is unpersuasive.

### b. Belated Commencement

Respondent next construes Sirleaf to argue that: (1) he only learned that the United States had bilateral treaties with Liberia, of which he is a citizen, on May 21, 2016; (2) he only learned about the unavailability of parole on July 14, 2016; and, (3) he only learned that his trial counsel had engaged in misconduct by allowing Sirleaf to use his cell phone presumably in 2004, on July 7, 2016. (*See* Br. Supp. Mot. Dismiss ¶ 13 (citing ECF No. 13-1, at 7–8, 17).)

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate

5

of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (permitting belated commencement to the date when petitioner, acting with reasonable diligence, could have discovered that he retained a right to appeal). Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (emphasis added) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Sirleaf fails to demonstrate that he acted with due diligence in several regards.

First, a habeas applicant who, like Sirleaf, "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). *See id.* at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition). Although Sirleaf vaguely suggests that he only learned of these three facts in May and July of 2016, he fails to offer any facts tending to show he acted with diligence with respect to these claims. *See id.* Sirleaf could have learned about treaties with Liberia, the unavailability of parole, and that jails and prisons restrict or prohibit cell phone use prior to his guilty plea in 2004. Sirleaf's prolonged "inaction is incompatible with a finding of due diligence." *Wood v. Spencer*, 487 F.3d 1, 5–6 (1st Cir. 2007) (citations omitted). For this reason alone, Sirleaf fails to demonstrate that he acted with diligence in pursuing his claim.

Even allowing the generous assumption that Sirleaf could have only learned the factual predicate of his claims in May and June of 2016, his claims remain untimely. Sirleaf waited more than one year after his alleged discovery of these facts to file his § 2254 Petition. Sirleaf's § 2254 Petition, filed on August 18, 2017, is barred by the statute of limitations.

C.  **Conclusion**

For the foregoing reasons, it is RECOMMENDED that Respondent's Motion to Dismiss (ECF No. 26) be GRANTED, Sirleaf's claims be DISMISSED, his § 2254 Petition be DENIED, and a certificate of appealability be DENIED.

(R & R 1–9 (alterations and omissions in original).)

## II. STANDARD OF REVIEW

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination

remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "[W]hen a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," *de novo* review is unnecessary. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted).

### III. SIRLEAF'S OBJECTIONS

The first section of the Objections simply lists a treaty and two international conventions and fails to comport with the Magistrate Judge's directive that "objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings." (R & R 9 (citation omitted).) The next section consists of twenty-three "Proposed Finding[s]" and "Objection[s]"[4] that are extremely repetitive, and range from taking issue with the smallest statement or conclusion of the Magistrate Judge, to failing to identify an error in the Magistrate Judge's conclusion that Sirleaf's § 2254 Petition is untimely. Sirleaf also provides vague legal argument with case citations, and seemingly reasserts the factual and legal arguments that he made in his § 2254 Petition.

In order for an objection to trigger *de novo* review, it must be made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection."

---

[4] The Court notes that Sirleaf's numbering is inconsistent. For example, there are two findings labeled (#6) and no objection labeled #15 (Objs. 10–11, 49.) Nevertheless, because all of the objections are meritless, the Court need not take time to renumber the list.

7

*United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *see Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Further, the objection must respond to a specific error in the Report and Recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). "General objections to a magistrate judge's report and recommendation, reiterating arguments already presented, lack the specificity required by Rule 72 and have the same effect as a failure to object." *United States v. Wearing*, No. 3:04–cr–00092, 2011 WL 918343, at *2 (W.D. Va. Mar. 15, 2011) (citing *Orpiano*, 687 F.2d at 47; *Veney v. Astrue*, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008)), *aff'd* 446 F. App'x 641 (4th Cir. 2011). After reviewing Sirleaf's Objections, the Court concludes that the vast majority of Sirleaf's Objections are tantamount to failing to object at all.

A. **Objections to Mere Statements or Phrases (Objs. #1, #2–#6, #16, #20, #22)**

Many of Sirleaf's objections take issue with simple statements made by the Magistrate Judge in reciting the procedural history, the standard of review, and the applicable law. For example, in Objection # 1, Sirleaf first takes issue with the Magistrate Judge's statement that Sirleaf failed to respond to the Motion to Dismiss. (Objs. 5.) From what the Court can discern, Sirleaf claims he submitted an "Affidavit" or "(ECF No. 32–3)" on or around May 11, 2018. (*Id.*) Contrary to Sirleaf's suggestion, the Court only received this submission bundled with other documents on October 12, 2018, well after the Report and Recommendation had been filed, and there is no indication that this document was a response to the Motion to Dismiss. The Court also fails to discern how Sirleaf's attempt to deflect blame about his lack of response to the Motion to Dismiss "direct[s] the court to a specific error in the magistrate's proposed findings

8

and recommendations." *Orpiano*, 687 F.2d at 47 (citations omitted). Moreover, the Motion to Dismiss was filed on May 9, 2018, and the Court cannot conceive that Sirleaf would have received the Motion to Dismiss and have already mailed his response two days later. The remainder of this objection faults the Magistrate Judge for relying on Respondent's legal argument, appears to provide rambling argument in support of his claims (Objs. 6–9), and fails to amount to an objection made with the requisite specificity.

In his next series of objections (Objections #2 through #6, #16, #20, #22), Sirleaf takes issue with nearly every sentence or phrase in the "Procedural History" section (Objs. 5–11), and in several instances throughout the Report and Recommendation objects to mere phrases (*see id.* 49, 58–60).[5] Despite the Court's best effort, it cannot discern a basis for the majority of these vague objections. To the extent that Sirleaf generally objects to the standard of review, he fails to direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano*, 687 F.2d at 47

### B. Objections to Statement of Claims (Objs. #6–#9(A), #10, #11)

In Objections #6 through #9(A), #10, and #11, (Objs. 11–30, 32–41), Sirleaf complains about the manner in which Respondent and the Magistrate Judge construed and addressed the claims he raised in his § 2254 Petition. Sirleaf also appears to reargue the merits of his claims.[6] The Magistrate Judge did not address the merits of Sirleaf's claims because he found that they

---

[5] For example, in Objection #16, Sirleaf objects to the phrase, "Nevertheless, respondent generously scours" as "legally and factually deficient." (Objs. 49.) In Objection #20, Sirleaf contends that the statement, "This argument is unpersuasive," is also "factually and legally deficient." (Objs. 58.)

[6] Throughout his Objections, Sirleaf asks for "leave to plead with more specificity." (*See, e.g.*, Objs. 55.) This action is a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and is not a civil complaint. Moreover, as the Magistrate Judge appropriately found, Sirleaf's claims are barred by the statute of limitations and a more thorough statement of those underlying claims would not alter that conclusion.

were barred by the statute of limitations. Sirleaf fails to adequately address that ultimate conclusion, and thus, fails to identify "a specific error in the magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47.

### C.     Objections Related to Timeliness (Objs. #9(B), #12–#14, #17–#19, #21, #23)

The Magistrate Judge concluded that Sirleaf's § 2254 Petition is untimely. Sirleaf fails to object with the requisite specificity to that ultimate conclusion. Nevertheless, the Court attempts to construe generously any objection that may relate to the timeliness of his petition. In Objection #9(B), Sirleaf objects to the "Proposed Finding" he simply identifies as "Procedural Bar." (Objs. 30.) Sirleaf suggests that the statute of limitations began "when opinion providing factual predicate for petitioner's claim became accessible in prison law library, and thus was discoverable by petitioner, rather than the date on which opinion was issued." (*Id.*) Sirleaf fails to identify the exact finding that he objects to, but further states, "even up to 11/15/18 Pearson's prison law library refuses to provide accessibility of the treaties herein mentioned." (*Id.* at 31.) Similarly, in Objection #14, Sirleaf again contends that the law library would not make copies of the treaties between Liberia and the United States available to him, and therefore, he could not have discovered his claims with reasonable diligence. (Objs. 46–48.) Sirleaf argues that based on his vague statement, "he is entitled to belated commencement or some equitable exception." (*Id.* at 48.)

Assuming that Sirleaf intends to object to the Magistrate Judge's finding that he lacks entitlement to a belated commencement of the limitation period, he fails to identify any error. As the Magistrate Judge correctly found, Sirleaf has not established that he acted with due diligence in attempting to learn of the treaties with Liberia. Objections #9(B) and #14 will be OVERRULED.

10

In Objection #12, Sirleaf contends that the Magistrate Judge's statement that "his judgement [sic] became final on Monday, January 5, 2004, when the time for noting an appeal with the Court of Appeals of Virginia expired," is "factually and legally deficient because [t]he Circuit Court entered its Final Order on April 4, 2005." (Objs. 41–42.) Sirleaf contends this is evidence of a civil conspiracy. (*Id.* at 42.) The Court discerns no error. Sirleaf's *criminal* conviction became final on January 5, 2004. (R & R 2.) The Circuit Court dismissed his *civil* challenge to that conviction through habeas corpus on April 4, 2005. (*Id.*) Objection #12 will be OVERRULED.

In Objection #13, Sirleaf objects to the Magistrate Judge's conclusion that he had "until Wednesday, January 5, 2005 to file a petition pursuant to . . . § 2254 . . . as being legally and factual deficient." (Objs. 46.) In Objections #17 and #18, Sirleaf cites phrases from the Report and Recommendation about timeliness, and instead of providing a specific basis for the objection, refers the Court to Objection #16 and again states that the Magistrate Judge's conclusion is "legally and factually deficient." (Objs. 56.) Sirleaf provides no specific reason why any of these phrases or conclusions are incorrect.

In Objection #19, Sirleaf objects to the sentence, "[Sirleaf's] terse argument standing alone fails to demonstrate entitlement to a belated commencement" (*id.* (alteration in original)), because his "actual innocence . . . demonstrates Sirleaf the Priest's entitlement to belated commencement." (*Id.* at 57.) The Report and Recommendation did not construe Sirleaf to argue that his actual innocence excuses the late filing of his § 2254 Petition, and this Court's review of the § 2254 Petition finds no such argument. Thus, Sirleaf fails to identify a specific error in the Magistrate Judge's conclusions. Nevertheless, any argument by Sirleaf that he is actually innocent is entirely conclusory. While the Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations, Sirleaf has failed to make the

11

requisite showing to excuse his untimely § 2254 Petition. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). To excuse the untimeliness of his § 2254 Petition, Sirleaf was required to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Sirleaf failed to present any new reliable evidence of his innocence. Objection #19 will be OVERRULED.

In Objection #21, Sirleaf contends that the Magistrate Judge's conclusion that "Sirleaf identifies no state action that violated the laws of the United States and prevented him from filing his federal habeas petition" is "legally and factually deficient." (Objs. 59.) Sirleaf cites to certain federal statutes that he believes were not disclosed to him before he entered into his plea agreement that made his plea agreement "unconstitutionally vague." (*Id.*) Sirleaf fails to explain, and the Court fails to discern, how any federal statute that was not disclosed to him prior to the entry of his plea agreement would amount to a state-created impediment that prevented him from filing his federal § 2254 Petition. Objection #21 will be OVERRULED.

In Objection #23, Sirleaf contends that he is "uncovering substantial evidence of newly-discovered state-created impediments" including retaliatory transfers and various alleged errors in his state criminal proceedings. (Objs. 61–65.) Although Sirleaf contends that he is objecting to the phrase, "State-created impediment," from the Report and Recommendation, this is not a specific objection but a rambling, conclusory, and uncompelling argument about the timeliness of his § 2254 Petition. Objection #23 will be OVERRULED.

Even in light of the fact that the Court is not required to conduct a *de novo* review, after reviewing the record, the Court finds that the Magistrate Judge properly assessed Sirleaf's claims

and determined that they are barred by the statute of limitations. Accordingly, the Report and Recommendation will be ACCEPTED and ADOPTED.

## IV. CONCLUSION

Sirleaf's Objections (ECF No. 37) will be OVERRULED. Sirleaf's "Motion to Amend [and] Supplement FRCP 52(a) [and] (b)" (ECF No. 38) will be GRANTED.[7] The Report and Recommendation (ECF No. 31) will be ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 26) will be GRANTED. The § 2254 Petition (ECF No. 13) will be DENIED. Sirleaf's claims and the action will be DISMISSED as untimely.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.

---

[7] The Motion to Amend is a brief letter with a group of institutional grievances attached showing that Sirleaf asked for copies of certain treaties, and was refused copies, on certain dates in 2016 and again in 2018. Sirleaf fails to provide any supporting argument about why the Court should grant to the Motion to Amend, or how these grievances have any bearing on the conclusion that his § 2254 Petition is barred by the statute of limitations. Nevertheless, based on the content of the grievances, the Court assumes that Sirleaf files these as evidence to support his argument that a state-created impediment existed. Although Sirleaf attempted to obtain these treaties in 2016 and again in 2018, he fails to explain, and the Court fails to discern, how these grievances have any bearing on altering the conclusion that his § 2254 Petition is barred by the statute of limitations. Sirleaf fails to demonstrate that state action violated the Constitution or laws of the United States and *altogether* prevented him from filing his § 2254 Petition in a timely manner. (*See supra* pp. 5, 10.) To the extent he suggests an entitlement to a belated commencement of the limitations period, he fails to demonstrate why, through the exercise of due diligence, he could not have discovered these treaties before 2016.

880, 893 n.4 (1983)). Sirleaf fails to meet this standard. A certificate of appealability will therefore be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: 1-7-19
Richmond, Virginia